# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN BELL,<br><br>    Plaintiff,<br><br>v.<br><br>CALAVERAS COUNTY, et al.,<br><br>    Defendants. | **1:18-cv-00728-JLT (PC)**<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FAILURE TO PROSECUTE THIS ACTION**<br><br>**(Docs. 5, 7)**<br><br>**21-DAY DEADLINE**<br><br>**CLERK TO ASSIGN A DISTRICT JUDGE** |

On June 4, 2018, the Court ordered Plaintiff to submit an application to proceed *in forma pauperis* or pay the filing fee within 45 days. (Doc. 5.) More than 45 days passed without Plaintiff filing an application to proceed *in forma pauperis*, paying the filing fee, or responding to the Court's order. Thus, on July 25, 2018, the Court ordered Plaintiff to show cause why this action should not be dismissed for his failure to comply with the June 4, 2018 order. (Doc. 7.) Plaintiff did not respond.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel, or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a

1

court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Based on Plaintiff's failure to comply with or otherwise respond to both the order to file an application to proceed *in forma pauperis* or the filing fee as well as the OSC, there is no alternative but to dismiss the action for Plaintiff's failure to respond to/obey a court order and for failure to prosecute. Accordingly, the Court RECOMMENDS that this action be dismissed, with prejudice, for Plaintiff's failure both to obey a court order and to prosecute this action. 42 U.S.C. § 1997e (a). The Clerk of the Court is directed to assign a District Judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 11, 2018**            **/s/ Jennifer L. Thurston**
                                                                  UNITED STATES MAGISTRATE JUDGE