# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN BELL, | Case No. 1:18-cv-00728-AWI-JLT (PC) |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PAY FILING FEE OR APPLICATION TO PROCEED IN FORMA PAUPERIS |
| v. | |
| CALAVERAS COUNTY, et al., | |
| Defendants. | (Docs. 5, 7, 9) |

Plaintiff, Glenn Bell, a state prisoner proceeding *pro se*, filed this civil rights action on May 23, 2018. On June 4, 2018, the Court issued an order requiring Plaintiff to pay the filing fee or file an application to proceed *in forma pauperis* on the form provided with the order, within forty-five days. Plaintiff was warned that dismissal would occur if he failed to obey the order. More than forty-five days passed without Plaintiff's compliance or filing any other response to the Court's order. Thus, on July 25, 2018, an order issued for Plaintiff to show cause why this action should not be dismissed. Plaintiff likewise failed to respond to the order to show cause, so findings and recommendations issued to dismiss this action based on Plaintiff's failure to comply with the Court's orders and for failure to prosecute this action. Plaintiff was notified that any objections were required to be filed within twenty-one days of the date of service thereof. However, more than the allowed time has lapsed and Plaintiff has not filed any objections.

A civil action may not proceed absent the submission of either the filing fee or a completed application to proceed *in forma pauperis*. 28 U.S.C. §§ 1914, 1915. Plaintiff's failure to

comply with the Court's orders warrants dismissal. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006). The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel, or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, the Court HEREBY ORDERS that this action is dismissed with prejudice based on Plaintiff's failure to obey the Court's orders and to pay the filing fee or file a completed application to proceed *in forma pauperis*.

IT IS SO ORDERED.

Dated:   February 4, 2019

SENIOR   DISTRICT   JUDGE